UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ABANDON MOBILE, LLC.,

                       Plaintiff,

    -against-

CDC GAMES, LTD.,

                    Defendant.
----------------------------------------------------------X

Index No. 07-CV-3828 (WHP)

**ANSWER,
AFFIRMATIVE
DEFENSES AND
JURY DEMAND**

       Defendant CDC Games, LTD., (hereinafter referred to as "CDC") by and through

its attorneys Monaghan, Monaghan, Lamb & Marchisio, LLP, respond to each and every

allegation in the Complaint as follows:

THE PARTIES

       1.    Defendant CDC denies knowledge or information thereof sufficient to

form a belief as to the truth of the allegations contained in Paragraph 1.

       2.    Defendant CDC admits that CDC is a corporation and has a place of

business as therein alleged.

JURISDICTION AND VENUE

       3.    Defendant CDC admits that Plaintiff purports to allege subject matter

jurisdiction as therein alleged.

       4.    Defendant CDC admits that Plaintiff purports to state venue in the judicial

district as therein alleged.

       5.    Defendant CDC denies each and every allegation contained in Paragraph 5

except admits that there is a writing which purports to consent to personal jurisdiction in

this Court and otherwise denies the allegations of Paragraph 5.

BACKGROUND

6.     Defendant CDC denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.     Defendant CDC admits the allegations contained in Paragraph 7.

8.     Defendant CDC denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 except admits that Plaintiff purports to have developed a game called "Freaky Creatures" as therein alleged.

9.     Defendant CDC denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     Defendant CDC admits that Plaintiff purports to attach a copy of the "letter of intent" dated February 26, 2007 between Abandon and CDC Games but alleges that "the letter of intent" attached to the Complaint is not a fully signed Agreement and as such may have been amended, supplemented, and remained unsigned in the condition shown.

11.     Defendant CDC denies each and every allegation contained in Paragraph 11 except refers to "the letter of intent" to the extent it does apply to the parties' relationship for its full terms and conditions.

12.     Defendant CDC denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 leaving Plaintiff to its proofs.

13.     Defendant CDC denies each and every allegation contained in Paragraph

2

13 except admits that a Press Release was made to the press substantially with the content alleged in Paragraph 13.

14.    Defendant CDC denies each and every allegation contained in Paragraph 14 and refers to "the letter of intent" in its final signed form, if such exists, as to the obligations to be performed by each of the parties thereto including CDC Games and affirmatively alleges that unfulfilled conditions precedent to CDC Games' obligation to transfer any funds were present in "the letter of intent" including that the Plaintiff make a transfer of $500,000.00 to the joint venture entity.

15.    Defendant CDC, upon information and belief, admits that discussions were had concerning extending time to make payments and alleges that other terms and conditions of "the letter of intent" to be effected and accomplished were in negotiations between the parties."

16.    Defendant CDC denies each and every allegation contained in Paragraph 16 except admits that CDC games did not made the payment indicated in the letter of intent nor did Abandon Mobile.

17.    Defendant CDC denies each and every allegation contained in Paragraph 17.

18.    Defendant CDC denies each and every allegation contained in Paragraph 18.

## COUNT ONE - BREACH OF THE AGREEMENT

19.    Defendant CDC repeats and realleges every answer as alleged in Paragraphs 1 through 18 as if set forth at length herein.

20. Defendant CDC denies knowledge or information thereof sufficient to form a belief as to whether or not there exists a fully executed "valid and binding letter of intent" between the parties as the document attached to the Complaint is unsigned by CDC and CDC is not in possession of a fully signed copy.

21. Defendant CDC denies each and every allegation contained in Paragraph 21 and refers to the so-called letter of intent for its terms and conditions and legal effect.

22. Defendant CDC denies each and every allegation contained in Paragraph 22.

23. Defendant CDC denies each and every allegation contained in Paragraph 23.

24. Defendant CDC denies each and every allegation contained in Paragraph 24.

<u>COUNT TWO - UNJUST ENRICHMENT</u>

25. Defendant CDC repeats and realleges every answer as alleged in Paragraphs 1 through 25 as if set forth at length herein.

26. Defendant CDC denies each and every allegation contained in Paragraph 26.

27. Defendant CDC denies each and every allegation contained in Paragraph 27.

28. Defendant CDC denies each and every allegation contained in Paragraph 28.

29.    Defendant CDC denies each and every allegation contained in Paragraph 29.

30.    Defendant CDC denies each and every allegation contained in Paragraph 30.

31.    Defendant CDC denies each and every allegation contained in Paragraph 31.

AFFIRMATIVE DEFENSES

1.    The Court lacks personal jurisdiction over the Defendant CDC in that service of process has not been effected properly upon an officer, director, or agent of the Defendant.

2.    Notwithstanding the language contained in the letter of intent attached to the Complaint there were details and conditions requiring further mutual agreement and understanding which were not worked out between the parties.

3.    Defendant CDC requested an exhibition of the technology which Plaintiff claimed to have developed with respect to "Freaky Creatures" and Plaintiff refused to exhibit the game to Defendant as requested by Defendant.

4.    Upon information and belief, Plaintiff failed to take any action to establish the joint venture and did not itself make any deposits thus causing a failure of a condition precedent to any obligation on the part of CDC Games to make a corresponding deposit.

5.    Plaintiff has failed to mitigate its damages and has suffered no damage.

6.    Upon information and belief, Plaintiff Abandon failed to make a deposit of $500,000.00 or take any affirmative action to establish the joint venture in the United States and by failing to do so was guilty of an anticipatory breach suspending any

5

obligation of the part of the Defendant to make payment of $3,000,000.00 to the joint venture.

7.    Any funds which were required to be deposited for the benefit of the joint ventures, assuming "the letter of intent" is valid and fully signed, would have been for the mutual benefit of the parties and not the benefit of the Plaintiff solely and accordingly Defendant CDC Games would have had not less than a $2,000,000.00 interest in any assets of the joint venture.

8.    Defendant CDC alleges a defense of lack of consideration.

9.    Defendant CDC alleges the defense of the Statute of Frauds.

10.    Defendant CDC alleges the defense of failure to state a claim for which relief can be granted.

11.    Defendant reserves the right to amend this Answer.

DEMAND FOR JURY TRIAL

Defendant CDC demands a jury trial in this matter.

WHEREFORE, Defendant CDC demands the Complaint in this matter be dismissed together with such other further and different relief as the Court deems just and proper together with attorneys' fees and costs of suit.

MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
*Attorneys for Defendant CDC Games*

DATED: September 7, 2007

Patrick J. Monaghan, Jr. (PJM 6297)
28 West Grand Avenue
Montvale, New Jersey 07645  -and-
401 East 65th Street
Suite 10C
New York, New York 10065
(201) 802-9060 Phone/(201) 802-9066 Fax