# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
### ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2008

IRA A. ROSENAU
Direct Dial: (215) 569-4496
IRosenau@klehr.com

260 S. BROAD STREET
PHILADELPHIA, PA 19102

(215) 568-6060
FAX: (215) 568-6603

www.klehr.com

February 5, 2008

New Jersey Office
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

Delaware Office
919 Market Street
Suite 1000
Wilmington, Delaware 19801-3062
(302) 426-1189

**VIA FEDERAL EXPRESS**

The Honorable William H. Pauley III, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
Chambers 2210
500 Pearl St.
New York, NY 10007

*This Court will hold a discovery conference on February 29, 2008 at 10:30 a.m. in lieu of the final pre-trial conference currently scheduled for that time.*
SO ORDERED:
WILLIAM H. PAULEY III U.S.D.J.
2/11/2008

Re:  **Abandon Mobile, LLC v. CDC Games, Ltd.**
     **U.S.D.C., S.D. N.Y., No. 07-CV-3828 (WHP)**

Dear Judge Pauley:

We represent Abandon Mobile, LLC ("Abandon") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, ¶ 3.A.(iii), Abandon and CDC Games, Ltd. ("CDC") hereby submit this joint letter regarding their discovery dispute. The dispute involves Abandon's contention that: (i) CDC's responses to Abandon's Requests for the Production of Documents, Interrogatories, and Requests for Admissions are deficient; and (ii) CDC refuses to produce for deposition in this country its officers whom CDC identified in its Initial Disclosures.

**I.   Abandon's Position on the Discovery Dispute**

   **A.   Abandon's Brief Statement of the Case**

This breach of contract action involves a multi-million dollar international joint venture between Abandon and CDC, a Chinese subsidiary of a publicly-traded company. Pursuant to the written agreement (the "Agreement") between the parties, CDC agreed to invest $3,000,000.00 in the joint venture, for the purpose of developing and marketing an online video game created by Abandon. CDC announced the deal to the world through their own press releases. Then, contrary to the clear and binding terms of the Agreement, CDC refused to fund. While CDC has recently taken the position that Abandon did not "treat" the Agreement as binding, and did not

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 2*

take steps to meet its own obligations under the Agreement, these *post facto* defenses are factually and legally meritless.

As discussed in detail below, at the heart of this discovery dispute is CDC's woefully insufficient document production: in this action involving a $3,000,000.00 investment in an international joint venture, CDC has produced a total of (a) one internal e-mail; (b) 33 pages of e-mails between the parties (most of which were provided to CDC by this law firm in pre-litigation correspondence); and (c) two copies of the Agreement.

**B.    Abandon's Efforts to Obtain Discovery from CDC**

Following is a description of Abandon's efforts to obtain discovery from CDC:

- On November 9, 2007, Abandon served CDC with: Requests for the Production of Documents, attached as Exhibit A; Interrogatories, attached as Exhibit B; and Requests for Admissions, attached as Exhibit C (collectively, "Abandon's Discovery Requests").

- On December 4, 2007, CDC requested an extension to answer Abandon's Discovery Requests until January 18, 2008 – the last day of the discovery period.

- Rather than grant CDC an extension until the last day of discovery, Abandon agreed to allow CDC until December 21, 2007 to respond to Abandon's Discovery Requests. Abandon also requested that CDC immediately serve its overdue Initial Disclosures.

- On December 21, 2007, CDC served its Initial Disclosures, and its responses to Abandon's Discovery Requests. CDC's Responses to Abandon's Requests for the Production of Documents are attached as Exhibit D; CDC's Responses to Abandon's Interrogatories are attached as Exhibit E; and CDC's Responses to Abandon's Requests for Admissions are attached as Exhibit F.

- CDC's responses to Abandon's Discovery Requests were incomplete, insufficient and evasive. Most strikingly, in response to Abandon's 34 document requests, CDC provided a mere four pages of e-mails.

- Accordingly, on January 18, 2008 and January 24, 2008, Abandon sent CDC the letters attached as Exhibits G and H, outlining the numerous discovery deficiencies, and enclosing a draft joint letter to this Court regarding the discovery dispute.

- On January 25, 2008, CDC sent Abandon the letter attached as Exhibit I, requesting until January 29, 2008 to provide additional responsive documents.

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 3*

- On January 29, 2008, CDC's counsel Michael Korik sent an e-mail to Abandon's counsel William Hill, requesting additional time to provide responsive documents, and representing that "We have been given a voluminous document production by CDC and have almost completed a thorough document review." *See* E-mail dated 1/29/08, attached as Exhibit J. Abandon agreed to provide CDC until January 30, 2008 to provide the outstanding documents, as CDC requested. *See* id.

C.  **CDC's Deficient Responses to Abandon's Discovery Requests**

On January 30, 2008, CDC served its supplemental document production. Aside from the gratuitously produced 26 pages of correspondence that have been exchanged between the lawyers in this case, this production consisted of:

- **One** internal e-mail;

- 33 pages of e-mails between the parties (including the four pages of previously produced e-mails); and

- Two copies of the signed Agreement.

Thus, CDC, the subsidiary of a publicly-traded company, in response to 34 document requests concerning its obligation to invest $3,000,000.00 in an international joint venture, has produced:

- Not one internal memorandum;

- Not one piece of correspondence to or from its investment committee;

- Not one pro forma financial statement, budget or other financial projection;

- Not one draft of any of the contracts contemplated by the Agreement;

- Not one press release, advertisement or other marketing material;

- Not one copy of the minutes of any corporate meetings; and

- No more than one internal e-mail.

It is inconceivable that a commercial transaction of this magnitude would generate so few documents. By way of contrast, Abandon plans to produce hundreds of documents in response

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 4*

to CDC's discovery requests (which CDC served on January 9, 2008, nine days prior to the discovery deadline), as and when required by the Federal Rules of Civil Procedure.[1]

More specifically, CDC's discovery deficiencies are as follows:

1. CDC has provided no documents responsive to at least 17 of Abandon's 34 document requests, specifically, Nos. 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20, 21, 23, 24, 26, and 27. Yet, in response to each of these requests, CDC represented that documents will or may be forthcoming. *See* Exhibit D at pp. 5-11.

2. CDC's response to Interrogatory No. 8 is improper and insufficient. Interrogatory No. 8 requests details of CDC's allegation in its Answer to the Complaint that the Agreement was amended or supplemented, *see* Exhibit B at pp. 5-6. CDC responded: "Until full discovery is had herein, Defendant is unable to respond to this Interrogatory...." This response is no response at all. *See* Exhibit E at ¶ 8.

3. CDC's interrogatory answers were improperly verified by someone without personal knowledge of the responses, namely, an in-house lawyer recently assigned to the litigation (Robert Taylor, Esq.). *See* Exhibit E. Moreover, no one has verified CDC's responses to Abandon's Requests for Admissions. *See* Exhibit F.

Thus, despite the passage of nearly three months since CDC's receipt of Abandon's Discovery Requests, CDC has not made a good faith effort to provide the responses required by the Federal Rules of Civil Procedure.

**D.     CDC's Refusal to Produce Its Officers for Deposition in the United States**

Abandon's efforts to depose four of CDC's officers – Peter Yip, Raymond Chien, John Clough, and Xiaowei Chen (collectively, the "CDC Witnesses") – all of whom were identified in CDC's Initial Disclosures, are summarized below:

- On December 4, 2007, Abandon made a written request for dates for the depositions of the CDC Witnesses. *See* 12/4/07 E-Mail from W. Hill to M. Korik, attached as Exhibit K.[2]

---

[1] In CDC's portion of this joint letter, below, CDC accuses Abandon of being a "pot calling the kettle black," since Abandon has not yet produced documents. CDC's accusation is misplaced, given the fact that CDC waited until January 9, 2008 to serve any discovery requests. As such, pursuant to the Federal Rules of Civil Procedure, Abandon has no obligation to produce any documents until February 8, 2008. Moreover, notwithstanding CDC's observation that Abandon did not produce documents at the Initial Disclosure stage, it is clear that Rule 26(a)(1) does not require document production.

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 5*

- On or about December 19, 2007, Mr. Korik informed Mr. Hill in a telephone conversation that all of the CDC Witnesses reside in either Hong Kong or China. At Mr. Hill's request, Mr. Korik agreed to provide dates on which the witnesses planned to travel to the United States (anywhere in the country), so that the depositions could occur then.

- On January 3, 2008, having not received any dates from Mr. Korik, Mr. Hill sent him a follow-up e-mail. *See* 1/3/08 E-Mail from W. Hill to M. Korik, attached as Exhibit L. Mr. Korik responded by admitting that CDC had not provided him with any dates for the depositions, but that he would try again and get back to Mr. Hill. *See* id.

- On January 23, 2008, Mr. Korik represented to Mr. Hill for the first time that none of the CDC Witnesses planned to travel to the United States, and that CDC would not produce the CDC Witnesses for deposition in this country. Instead, Mr. Korik suggested that Abandon attempt to take the depositions by telephone.

Abandon believes that it would be nearly impossible to conduct effective depositions of the most crucial witnesses in this case (identified by CDC) over the telephone. As an initial matter, this commercial action involves hundreds of documents (notwithstanding CDC's paltry production), the vast majority of which need to be presented to the witnesses during their respective depositions. Any attempt to conduct such document-intensive depositions over the telephone would not likely be successful. In addition, we believe that the CDC Witnesses speak Chinese as a first language. The language barrier would likely be a problem at an in-person deposition; at a telephonic deposition, the problem would be greatly exacerbated.

Abandon submits that the appropriate remedy for CDC's refusal to produce its own officers (all of whom were identified in CDC's Initial Disclosures) for deposition in this country is preclusion of their testimony at trial, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. CDC conducts a great deal of business in the United States, including the business that gave rise to this lawsuit. Moreover, CDC has never objected to the jurisdiction or venue of this Court. If it is too inconvenient for the CDC Witnesses to travel to this country for their depositions, then they should not permitted to travel to this country to offer testimony at trial.

## II. CDC's Position on the Discovery Dispute

CDC disputes each of the allegations with respect to the characterization of the discovery dispute made by Abandon. The alleged lack of documents produced by CDC is indicative of CDC's position in this case, that the deal was in an early stage and no actions had yet been taken by either party to move the deal along. All non-privileged documents in the possession of

---

[2] Abandon also requested dates for the deposition of an additional witness, John Lee, who at all times relevant to this action was President of CDC. However, on January 23, 2008, Mr. Korik informed Mr. Hill that Mr. Lee no longer worked for CDC.

PHIL1 769274-1

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 6*


CDC's Counsel have been produced. Documents that have been withheld have been withheld by privilege and a privilege log has been provided to Counsel. Abandon has not requested a certification from CDC that additional documents responsive to their demands do not exist, however, CDC would be more than happy to provide such from its current General Counsel.

### A. CDC's Brief Statement of the Case

Stated very generally and without limiting its position, this is an action by one of two proposed joint venturers involving a venture to manufacture, sell, and/or promote a video game known as 'Freaky Creatures.' The alleged deal was at a very preliminary stage and requisite actions had not been taken by neither Abandon nor CDC. According to the Letter of Intent attached to the Complaint [signed by Plaintiff], the Defendant's position, generally stated, and as already indicated in its discovery responses, is that the Plaintiff never took any action to implement the joint venture; did not establish a separate joint venture entity; and never put up the $500,000.00 required by and set forth in the Letter of Intent. Although the Letter of Intent is characterized as binding, it is the Defendant's position that the parties never treated it as such. Defendant believes that the commitments, if any, were interdependent.

The individual John Lee, who was directly involved in the transaction, is no longer with the company and as such is unavailable. Secondly CDC's former General Counsel, Albert Jok, left the Hong Kong offices of the company a few months ago for a different position elsewhere and his responsibility has been delegated to Robert Taylor, Esq., who is located in England and has been inundated with handling all of the legal matters previously handled by Albert Jok. CDC had advised that it was in the process of reviewing and gathering documents to enable the Defendant to provide more informative responses. As a result of CDC's most recent efforts, 520 pages of documents were located and documents that were not privileged were produced. A privilege log detailing the privileges claimed for the withheld documents was sent to Plaintiff's Counsel. While Plaintiff's Counsel may take issue with the lack of documentation provided, the lack of documentation further supports CDC's position that the "deal" was in a very preliminary stage. As far as CDC was aware, no business plan had been generated by Abandon, no budget had been submitted and most importantly, no demonstration of the game was made available to CDC when requested.

### B. Abandon's Non-Production

Further, CDC points out that as of the date of this writing, with a case that was filed in August 2007, the Plaintiff has yet to produce a single document to the Defendant in this case. No documents were provided with Plaintiff's Rule 26 Disclosure submitted to Defendant months ago. In fact, CDC has had nothing but a continued representation from Plaintiff "Abandon plans to produces hundreds of documents in response to CDC's discovery requests…" This is a classic case of the pot calling the kettle black, where the Plaintiff has failed to produce a single document to the Defendant.

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 7*

### C. CDC's Responses to Abandon's Contentions

The following respond in order to Plaintiff's contentions point by point:

1. Plaintiff's Counsel has been provided with all documents in CDC's Counsel's possession that are responsive to Abandon's broad demands. All documents in possession of Counsel and/or CDC that have not been produced have been withheld pursuant to applicable privilege and a privilege log has been submitted to Plaintiff's Counsel identifying each document and the claimed privilege.

2. In response to the suggestion that Defendant's response to Interrogatory No. 8 was improper, Defendant's response is clear in that it is based upon additional documents which may be in possession of Abandon. As such, at this time, it is an adequate response given that CDC has not seen any documentation produced by Abandon. Perhaps Plaintiff is aware of any amendments to the letter of intent, should they exist, and will provide such when it accomplishes its document production.

3. Rule 36 specifically states that the response shall be signed by the party or by the party's attorney and does not require verification. The request for admissions was signed by Patrick Monaghan, Esq., Counsel for CDC. Moreover, as discussed above, the two persons with most intimate knowledge of this deal were Albert Jok, Esq. and John Lee, both whom are no longer with CDC and thus, unavailable to verify answers to interrogatories. Robert Taylor, Esq., Mr. Jok's direct replacement has reviewed the file and based upon his review, was able to verify the interrogatories.

4. CDC alleged refusal to produce its officers for deposition. Abandon seeks to depose four CDC witnesses all of whom are from outside the US. In earlier discussions, CDC's counsel offered the possibility of telephone depositions on a mutually agreed upon day, which are favored under the Federal Rules of Civil Procedure to minimize expense. CDC is willing to produce those witnesses that remain employees of CDC via telephone from their respective countries.

5. Lastly, the letter of intent is in the English language and to the best of our knowledge, each of the listed persons is fluent in English, especially Peter Yip. Plaintiff's gratuitous suggestion that language will be a barrier is not supported.

6. The relief requested by Abandon is not commensurate with the issues before the Court. CDC would be willing to provide an Affidavit by Mr. Taylor as to the good faith efforts to locate all of the responsive documents and advise that said document do not exist.

PHIL1 769274-1

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

*The Honorable William H. Pauley III, U.S.D.J.*
*February 5, 2008*
*Page 8*

### III. The Parties Have Conducted a "Meet and Confer" Conference

On January 23, 2008, the parties participated in a "meet and confer" telephone conference, as required by Your Honor's Individual Practices and the Federal Rules of Civil Procedure. Mr. Hill and Mr. Korik participated in the conference, which lasted approximately five minutes.

### IV. Relief Requested by Abandon

Based on the foregoing, Abandon respectfully requests this Court to enter an order:

1. Compelling CDC to provide all documents responsive to Abandon's Requests for the Production of Documents within 5 days of the entry of the Order;

2. Compelling CDC to provide a complete response to Abandon's Interrogatory No. 8;

3. Compelling CDC to provide verifications to its Responses to Abandon's Interrogatories and Requests for Admissions by someone with first-hand knowledge thereof; and

4. Precluding CDC from introducing evidence of the following witnesses at trial: Peter Yip, Raymond Chien, John Clough, and Xiaowei Chen.

Respectfully yours,

Ira A. Rosenau, Esq.
William T. Hill, Esq.
Counsel for Plaintiff,
Abandon Mobile, LLC

cc: Patrick Monaghan, Esq. (w/encl.)
    Michael Korik, Esq. (w/ encl.)

WTH/dm
Enclosures

PHIL1 769274-1