UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| Abandon Mobile, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br><br>CDC Games, LTD.,<br><br>　　　　　　Defendant. | No. 07-CV-3828 (WHP)<br><br><br><br>**JOINT PRETRIAL ORDER** |
|---|---|

Pursuant to the Scheduling Order and this Court's Individual Practices, Plaintiff Abandon Mobile, LLC ("Abandon") and Defendant CDC Games, LTD. ("CDC") submit this joint pretrial order.[1]

**I.   Identification of Trial Counsel**

　　A.   Counsel for Abandon

　　　　Ira A. Rosenau, Esq.
　　　　William T. Hill, Esq.
　　　　Klehr, Harrison, Harvey, Branzburg & Ellers LLP
　　　　260 South Broad Street
　　　　Philadelphia, PA 19102-5003
　　　　(215) 568-6060
　　　　Fax:  (215) 568-6603

---

[1] A discovery dispute is pending in this matter, which the parties submitted on February 5, 2008 pursuant to Your Honor's Individual Practices, ¶ 3.A.(iii). Depositions have not yet been conducted, and a large volume of documents (1,329 pages) was produced by Abandon on February 8, 2008 (30 days following service of CDC's discovery requests). By contrast, and as highlighted in the discovery dispute, CDC produced only: (i) 33 pages of e-mails between the parties; (ii) one internal e-mail; and (iii) two copies of the contract at issue in this case.

B.  Counsel for CDC

Patrick J. Monaghan, Jr., Esq.
Monaghan, Monaghan, Lamb & Marchisio, LLP
28 West Grand Avenue
Montvale, NJ 07645
(201) 802-9060
(201) 802-9066

## II.  Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2), as Abandon is a citizen of New York, CDC is a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

CDC does not contest subject matter jurisdiction.

## III.  Brief Summary of Claims and Defenses

A.  Abandon's Claims

This breach of contract action involves a multi-million dollar international joint venture between Abandon and CDC, a Chinese subsidiary of a publicly-traded company. Pursuant to the written agreement (the "Agreement") between the parties, CDC agreed to invest $3,000,000.00 in the joint venture, for the purpose of developing and marketing an online video game created by Abandon. CDC announced the deal to the world through its own press releases. Then, contrary to the clear and binding terms of the Agreement, CDC refused to fund. While CDC has recently taken the position that Abandon did not "treat" the Agreement as binding, and did not take steps to meet its own obligations under the

2

Agreement, these post facto defenses are factually and legally meritless (and run directly counter to the parties' contract and CDC's own conduct).

Abandon also asserts an alternative claim of unjust enrichment, as CDC has received the benefit of announcing its deal with Abandon to the marketplace (indeed, to this day a press release announcing the deal remains on CDC's website).

B.  CDC's Defenses

1. There were significant details and conditions which were never worked on between the parties and the letter of intent although stated to be binding, was not considered as such.

2. Plaintiff never provided a beta test exhibition of the Freaky Creatures Games Technology and that was an implied, if not expressed, condition precedent as part of the transaction.

3. Plaintiff never established the joint venture to which the funds were to be transferred by both the Plaintiff and Defendant and instead demanded that the funds be sent to it rather than to a jointly owned joint venture.

4. Plaintiff never deposited $500,000 in the joint venture account and was guilty of an anticipatory breach suspending further obligation on the part of CDC.

5. There was a lack of consideration on the part of Plaintiff.

6. As to a claim of unjust enrichment, the claim is legally and factually meritless as CDC has reaped no discernible benefit whatsoever from the press release and in fact, such a press release would have benefited Plaintiff to the same or greater extent.

## IV. Trial Length

### A. <u>Abandon's Statement</u>

This case is to be tried to a jury. The trial should take 2-3 days.

### B. <u>CDC's Statement</u>

CDC believes the case will be appropriate for summary judgment but if such is not successful on the part of CDC, the trial estimate of Plaintiff is accurate.

## V. Trial by Magistrate Judge

Not all parties have consented to trial by a Magistrate Judge.

## VI. Stipulations

None.[2]

## VII. Witnesses

### A. <u>Abandon</u>

Abandon reserves the right to call the following witnesses in its case-in-chief:

    1. Marcus Ticotin – live testimony;

    2. Gary Fuhrman – live testimony;

    3. Jamie Ottilie – live testimony;

    4. Brian Anderson – live testimony;

    5. John Lee – live testimony (as on cross);

    6. Peter Yip – live testimony (as on cross);

---

[2] In a good faith attempt to comply with the Court's Individual Practices, Abandon proposed 16 factual stipulations to CDC on February 14, 2008, with citations to supporting documents. CDC, without comment or suggestions, refused to agree to any of those proposed stipulations and offered none of their own when responding to Abandon's proposal for the first time on February 21, 2008 (the same day this joint pretrial order was due).

    7.    Xiaowei Chen – live testimony (as on cross);

    8.    Raymond Chien – live testimony (as on cross);

    9.    John Clough – live testimony (as on cross).

**B.**    <u>CDC</u>

CDC reserves the right to call the following witnesses in its case-in-chief:

CDC's witnesses include all of the witnesses named by Plaintiff in addition to Robert Taylor, Esq. as well as all parties named in the documents exchanged between the parties since deposition testimony has not been elicited in the case. Moreover, some of the CDC witnesses named by Abandon are no longer employees of Abandon and may not be able to be located. CDC believes it is premature to designate all witnesses at this point.

## VIII. Deposition Designations

None.

## IX. Exhibits

**A.**    <u>Abandon</u>

Abandon reserves the right to offer the following exhibits in its case-in-chief:

    1.    Letter of Intent between Abandon and CDC;

    2.    Drafts of the Letter of Intent between Abandon and CDC;

    3.    FC Entertainment, LLC draft Operating Agreement, and CDC's comments to same;

    4.    Draft License and Distribution Agreement;

    5.    Freaky Creatures presentations, financial projections and budgets sent from Abandon to CDC;

    6.    Press releases announcing the deal between Abandon and CDC;

7. Memorandum dated 3/9/07 sent from Abandon to CDC;

8. CDC Corporation Q4 2006 Earnings Call Transcript (and/or the audio of same);

9. Any e-mail or other correspondence between Abandon and CDC;

10. Documents concerning Abandon's damages.

11. Any document produced by either party in this litigation;

12. Any exhibit listed by CDC below, or offered by CDC at trial.

B. <u>CDC</u>

CDC is unable to designate exhibits in light of the fact that there is an ongoing discovery dispute and depositions have not yet been conducted and thus all documents at issue in the case have yet to be identified and authenticated under oath. CDC reserves the right to introduce all the exhibits identified by Plaintiffs, all the exhibits produced in discovery, and all the exhibits identified in the pleadings herein.[3]

---

[3] Abandon objects to CDC's refusal to designate exhibits. The Court's Individual Practices clearly require designation of exhibits in the joint pretrial order. CDC's reference to the pending discovery dispute is a red herring, since the dispute involves CDC's own failure to produce documents responsive to Abandon's discovery requests. Abandon, on the other hand, has produced 1,329 pages of documents to CDC. Thus, CDC has access to at least as many documents as Abandon (and probably more). CDC's refusal to designate its exhibits prejudices Abandon's ability to prepare for trial.

Pursuant to this Court's Individual Practices, ¶ 6.A.(x) (which provides that "No exhibit not listed [in the joint pretrial order] may be used at trial except for cross-examination purposes or if good cause for its exclusion from the joint pretrial order is shown"), as CDC has not shown good cause for refusing to designate its exhibits, Abandon requests that CDC not be permitted to use exhibits at trial, except for cross-examination purposes.

          Respectfully submitted,

          KLEHR, HARRISON, HARVEY,
          BRANZBURG & ELLERS LLP

          */s/ William T. Hill*
          _____
          Ira A. Rosenau, Esq.
          William T. Hill, Esq.
          Klehr, Harrison, Harvey, Branzburg &
          Ellers LLP
          260 South Broad Street
          Philadelphia, PA 19102-5003
          (215) 568-6060
          Fax: (215) 568-6603
          Attorneys for Plaintiff,
          Abandon Mobile, LLC

Dated:      February 21, 2008
City, State:  Philadelphia, Pennsylvania

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abandon Mobile, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br><br><br>CDC Games, LTD.,<br><br>                Defendant. | No. 07-CV-3828 (WHP)<br><br><br><br>**CERTIFICATE OF SERVICE OF JOINT PRETRIAL ORDER** |

      I, William T. Hill, counsel for Plaintiff Abandon Mobile, LLC in the above-captioned matter, hereby certify that on February 21, 2008, I caused a true and correct copy of the parties' joint pretrial order to be served upon the following counsel of record by United States First Class Mail and e-mail:

Patrick J. Monaghan, Jr., Esquire<br>
Michael Korik, Esquire<br>
Monaghan, Monaghan, Lamb & Marchisio, LLP<br>
28 West Grand Avenue<br>
Montvale, NJ 07645

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

William T. Hill, Esq.
Klehr, Harrison, Harvey, Branzburg &
Ellers LLP
260 South Broad Street
Philadelphia, PA 19102-5003
(215) 568-6060
Fax: (215) 568-6603

Attorneys for Plaintiff,
Abandon Mobile, LLC

Dated: February 21, 2008
City, State: Philadelphia, Pennsylvania

2