# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
### ATTORNEYS AT LAW

260 S. BROAD STREET
PHILADELPHIA, PA 19102

(215) 568-6060
FAX: (215) 568-6603
www.klehr.com

IRA A. ROSENAU
Direct Dial: (215) 569-4496
irosenau@klehr.com

**New Jersey Office**
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

**Delaware Office**
919 Market Street
Suite 1000
Wilmington, Delaware 19801-3062
(302) 426-1189

May 22, 2008

*[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 6/5/2008]*

**VIA FEDERAL EXPRESS**
The Honorable William H. Pauley III, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
Chambers 2210
500 Pearl St.
New York, NY 10007

*[Handwritten note: This Court will hold a pre-motion conference on June 27, 2008 at 10:00 a.m.]*

Re:   Abandon Mobile, LLC v. CDC Games, Ltd.
        U.S.D.C., S.D. N.Y., No. 07-CV-3828 (WHP)

*[Signature: William H. Pauley U.S.D.J.  5/28/2008]*

Dear Judge Pauley:

We represent plaintiff Abandon Mobile, LLC ("Abandon") in the above-referenced matter. We are extremely disappointed to have to write this letter to the Court, but the inexcusable conduct of defendant CDC Games, Ltd. ("CDC") has made it unavoidable. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference with Your Honor at the Court's earliest opportunity to address Abandon's Motion to Enforce the Settlement reached in this action on May 14, 2008 against CDC.

### Factual Background for Motion to Enforce Settlement

On April 18, 2008, Abandon sent CDC a written settlement proposal to resolve this case for a payment of $300,000 to Abandon, a copy of which is attached hereto as Ex. A.

On May 8, 2008, CDC's counsel sent Abandon's counsel an email in which CDC's counsel represented that his client contact (an in-house lawyer) was going to be conferring about the proposal with CDC's "new General Counsel." See Ex. B.

On May 12, 2008, CDC sent a letter to Abandon with a formal counterproposal to settle the case. In that letter, CDC stated: "**After conferring with our clients, including the new General Counsel for CDC, it is determined that the offer in this case is $75,000.00 for a dismissal with prejudice and a general release.**" That letter is attached hereto as Ex. C.

PHIL1 787826-1

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

*The Honorable William H. Pauley III, U.S.D.J.*
*5/22/2008*
*Page 2*

On May 14, 2008, Abandon sent CDC an email and a letter accepting CDC's settlement proposal. See Ex. D. In the email, Abandon stated: "I am pleased to attach hereto a letter accepting CDC's settlement offer, together with a settlement agreement for your review." In the letter, Abandon stated:

> For a variety of reasons, Abandon Mobile believes it is in its best interests to put its dealings with CDC and this litigation behind it. As such, **Abandon Mobile accepts CDC Games' offer to settle this case for a payment of $75,000.00 to Abandon Mobile. Abandon Mobile agrees that the action will be dismissed after receipt of the payment and that the parties will exchange mutual releases**.
>
> In this regard, I am enclosing a draft settlement agreement for your review and comment. My client will be reviewing this draft contemporaneously, so it may be subject to change for any comments they have. **This is a straight-forward settlement, so I would expect that we could finalize the formal documentation and arrange for the settlement payment to be made to Abandon Mobile in short order**.

Thus, on May 14, 2008, the parties entered into a binding agreement to settle this case, including a matching offer and acceptance, with consideration on both sides.

On May 20, 2008, CDC's counsel sent Abandon's counsel an email in which CDC declared its intention not to perform or adhere to the binding settlement because CDC's "new General Counsel" suddenly decided that CDC did not want to pay the settlement amount agreed to by the parties on May 14, 2008. See Ex. E.

We further note that we have sent to CDC a letter detailing the factual and legal bases for the Motion to Enforce Settlement. See Ex. F.

### Legal Basis for Motion to Enforce Settlement

The law requires that the parties' May 14, 2008 settlement be enforced by the Court against CDC.

Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside. Willgerodt v. Majority Peoples' Fund for the 21st Century, Inc., 953 F. Supp. 557, 560 (S.D.N.Y. 1997). Once reached by the parties, settlement agreements are binding and enforceable. Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989) rev'd on other grounds Digital Equip. Corp. v. Desktop Direct, 511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994); Reich v. Best Built Homes, Inc., 895 F.Supp. 47, 49 (W.D.N.Y. 1995). "A settlement is a

PHIL1 787826-1

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

*The Honorable William H. Pauley III, U.S.D.J.*
*5/22/2008*
*Page 3*

contract, and once entered into is binding and conclusive." Little v. Greyhound Lines, Inc., No. 04 cv 6735, 2005 U.S. Dist. LEXIS 22247, at *3 (S.D.N.Y. Sept. 30, 2005) (citing Janneh v. GAF Corp., 887 F.2d at 436).[1]

Moreover, this Court has recognized that:

> A 'preliminary agreement' is binding, despite the desire for a later formal document, 'when the parties have reached complete agreement (including the agreement to be bound) on all the issues perceived to require negotiation. Such an agreement is preliminary only in form - only in the sense that the parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.'

Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, No. 04 cv 1621, 2005 U.S. Dist. LEXIS 11130, at *17 (S.D.N.Y. June 9, 2005) (quoting Teachers Ins. & Annuity Ass'n v. Tribune Co., 670 F. Supp. 491, 498 (S.D.N.Y.1987)).[2]

Considering the foregoing documented and irrefutable facts and the law set forth above, CDC has no basis to avoid the binding May 14, 2008 agreement to settle this case. Abandon respectfully requests that the Court enter an order enforcing the settlement against CDC and awarding Abandon its legal fees and cost associated with obtaining such an order.

Again, we are disappointed to have to address these issues with the Court. That said, we appreciate the Court's attention to this matter and we greatly look forward to having a

---

[1] Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound. Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, No. 04 cv 1621, 2005 U.S. Dist. LEXIS 11130, at *12 (S.D.N.Y. June 9, 2005) (citing Register.Com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004)).

[2] This aspect of the law is particularly pertinent considering something CDC's counsel states in his May 20, 2008 email. As an excuse for its conduct, CDC attempts to assert that "the settlement agreement was subject to your client's further approval." As the Court can see, that argument is a non-issue and a red herring. The courts recognize that a "desire [for] a more elaborate formalization of the agreement" does nothing to make the agreement to settle non-binding. Indeed, here, the essential terms of the agreement, a very straight-forward and simple deal, were agreed to by the parties, in writing. Abandon further notes that Abandon's counsel's May 14, 2008 letter states that the settlement agreement provided to CDC "**may** be subject to change" based on Abandon's review. Abandon made no changes and did not communicate any to CDC after May 14, 2008.

PHIL1 787826-1

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

*The Honorable William H. Pauley III, U.S.D.J.*
*5/22/2008*
*Page 4*

conference with Your Honor about these issues.

Respectfully,

Ira A. Rosenau

Counsel for Plaintiff,
Abandon Mobile, LLC

IAR/dm
Encl.
cc:   Patrick Monaghan, Esq. (w/encl.)

PHIL1 787826-1